T.C. Summary Opinion 2010-150


UNITED STATES TAX COURT


LISA HAMILTON SAVARY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6839-09S.                 Filed October 6, 2010.


<u>Thomas L. Severance</u>, for petitioner.

<u>Thomas A. Dombrowski</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2005 Federal income tax of $4,064 and an accuracy-related penalty of $812.80 under section 6662(a).

The issues for decision are:

(1) Whether, pursuant to an income tax convention between the United States and France, the United States is precluded from taxing petitioner, a U.S. citizen but resident of France, on all or a portion of her income;

(2) whether petitioner is entitled to exclude all or a portion of her income under section 911;

(3) whether petitioner is entitled to a credit under section 901 for all or a portion of the taxes paid to France; and

(4) whether petitioner is liable for the accuracy-related penalty under section 6662.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts, supplemental stipulation of facts, second supplemental stipulation of facts, and accompanying exhibits.

Petitioner resided in Paris, France, when the petition was filed.

Petitioner is a U.S. citizen who was born in the State of North Carolina. Since 1999 petitioner has worked for United Airlines as a flight attendant based out of Charles de Gaulle airport (CDG) in Paris, France. In 2003 petitioner married Fabien Savary (Mr. Savary), a French citizen. Petitioner and Mr. Savary established a home in Paris and have two children together. During 2005 petitioner was registered to vote in France, held other registrations in France, and received all of her mail at her home in Paris. Petitioner did not have a residence in the United States.

Petitioner received wages of $37,737.81 for her work as a flight attendant for United Airlines in 2005. During that year petitioner worked on approximately 39 flights departing from CDG, flying through international airspace, and landing in a gateway city located within the United States.

For 2005 petitioner paid income tax to France on the total amount of her wages from United Airlines, including the portion allocable to her services in the United States and in international airspace.

Petitioner timely filed her 2005 Federal income tax return reporting wages of $37,737.81. Attached to petitioner's tax return was a Form 2555, Foreign Earned Income, on which petitioner excluded $32,737.81 of her income as foreign earned income.

In a notice of deficiency respondent disallowed the exclusion claimed by petitioner for foreign earned income. Respondent also determined that petitioner is liable for an accuracy-related penalty under section 6662(a).

## Discussion[2]

### A. Exclusion of Income Under the Convention

Petitioner contends that none of her income for the year in issue is subject to Federal income tax pursuant to the United States-France Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion With Respect to Taxes on Income and Capital, Aug. 31, 1994, 1963 U.N.T.S. 67, Tax Treaties (CCH) par. 3001, hereinafter sometimes referred to as the United States-France Convention or Convention.  Petitioner specifically cites Article 15, paragraph 3, which provides:

> Notwithstanding the preceding provisions of this Article, remuneration derived by a resident of a Contracting State in respect of an employment exercised as a member of a regular complement of a ship or aircraft operated in international traffic shall be taxable only in that State.

Respondent contends that petitioner's income remains subject to Federal income tax pursuant to Article 29, paragraph 2, of the Convention, commonly known as the saving clause.  As relevant herein, Article 29, paragraph 2 provides:

---

[2]  We decide this case without regard to the burden of proof.

Notwithstanding any provision of the Convention except the provisions of paragraph 3, the United States may tax its residents, as determined under Article 4 (Resident), and its citizens as if the Convention had not come into effect.

"Although many foreign countries tax their <u>residents</u> on their worldwide income, the United States taxes its <u>citizens</u>, as well as its <u>residents</u>, on their worldwide income." <u>Filler v. Commissioner</u>, 74 T.C 406, 410 (1980) (emphasis added). Accordingly, the United States insists on the inclusion of a saving clause in its tax treaties and conventions. <u>Id.</u> The effect of a saving clause is "to reserve the right of the United States to tax its citizens and residents on the basis of the provisions of the Internal Revenue Code without regard to the provisions of the treaty [or convention]." <u>Id.</u>

Paragraph 3 of Article 29 of the United States-France Convention provides that certain articles of the Convention take precedence over the saving clause, but Article 15 is not among those provisions. Accordingly, petitioner is not entitled to exclude her entire income earned as a flight attendant for United Airlines pursuant to Article 15, paragraph 3, of the Convention, and her income is taxable under the provisions of the Internal Revenue Code. See <u>Filler v. Commissioner</u>, <u>supra</u> at 410.

B. <u>Foreign Income Exclusion Under Section 911</u>

Section 911(a) allows a "qualified individual" to exclude from gross income "foreign earned income". A qualified

individual is a U.S. citizen whose tax home is in a foreign country if that individual is a bona fide resident of a foreign country for an uninterrupted period that includes an entire taxable year. Sec. 911(d)(1). "Bona fide residence in a foreign country * * * for an uninterrupted period may be established, even if temporary visits are made during the period to the United States or elsewhere on vacation or business." Sec. 1.911-2(c), Income Tax Regs. Foreign earned income is "the amount received by such individual from sources within a foreign country * * * which constitute earned income attributable to services performed by such individual". Sec. 911(b)(1)(A).

Petitioner has resided in Paris, France, continuously since 1999. In 2003 petitioner married Mr. Savary, and together they established a home in Paris. In 2005 petitioner lived with her husband in their home in Paris, and she also held registrations and voted in France. All of the time that petitioner was in the United States during 2005 was related to her duties as a flight attendant for United Airlines. Therefore, in 2005 petitioner was a bona fide resident of France and not a resident of the United States.

Section 911 does not define "foreign country". However, one of its implementing regulations, section 1.911-2(h), Income Tax Regs., does:

> (h) Foreign country.--The term "foreign country"
> when used in a geographical sense includes any

territory under the sovereignty of a government other than that of the United States.  It includes the territorial waters of the foreign country (determined in accordance with the laws of the United States), the air space over the foreign country, and the seabed and subsoil of those submarine areas which are adjacent to the territorial waters of the foreign country and over which the foreign country has exclusive rights, in accordance with international law, with respect to the exploration and exploitation of natural resources.

This Court has held that international waters are not a "foreign country" and that income earned while traveling in international waters is not "foreign earned income" excludable from gross income under section 911.  Clark v. Commissioner, T.C. Memo. 2008-71.  Likewise, in Rogers v. Commissioner, T.C. Memo. 2009-111, this Court held that international airspace is also not a "foreign country" for purposes of section 911 and income earned while working in international airspace is not "foreign earned income" and must be included in income.

The parties stipulated that 38.2 percent of petitioner's income from United Airlines for 2005 was earned in or over foreign countries.  Such income is therefore excludable as foreign earned income.  The remaining portion of petitioner's income was earned while in the United States or in international airspace and is therefore includable in gross income. Accordingly, petitioner is entitled to an exclusion from income of $14,415.84 under section 911.

## C.  Foreign Tax Credit Under Section 901

As previously discussed, the saving clause in Article 29, paragraph 3, of the United States-France Convention, takes precedence over Article 15; however, it does not affect the Convention rules on relief from double taxation found in Article 24.  However, a fair reading of Article 24 of the Convention indicates that petitioner is entitled to a tax credit from France, and not the United States, in respect of income received from sources within the United States (U.S. source income).

Under paragraph 1(a) of Article 24 of the Convention, "the United States shall allow to a citizen * * * of the United States as a credit against the United States income tax:  (i) the French income tax paid by or on behalf of such citizen".  The Treasury Department Technical Explanation of the United States-France Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and Capital Signed at Paris on August 31, 1994, Tax Treaties (CCH) par. 3060, explains that the credit against U.S. tax is to be limited to the amount of U.S. tax due with respect to net foreign source income.

Paragraph 1(b) of Article 24 of the Convention provides that for "an individual who is both a resident of France and a citizen of the United States:  (i) the United States shall allow as a credit against the United States income tax the French income tax

paid" after certain credits which are not applicable on the facts of this case.  The Treasury Department Technical Explanation explains that where U.S. tax is due solely by reason of citizenship, then the United States will allow a credit for French tax imposed on the basis of residence.  Here, most of petitioner's income is taxable in the United States not merely because she is a citizen, but rather because such income is U.S. source income earned while working in the United States or in international airspace.

The Convention further provides in paragraph 2(a) of Article 24 that for

> Income arising in the United States that may be taxed or shall be taxable only in the United States in accordance with the provision of this Convention shall be taken into account for the computation of the French tax where the beneficiary of such income is a resident of France * * *.  In that case, the United States tax shall not be deductible from such income, but the beneficiary shall be entitled to a tax credit against the French tax.

Article 3, paragraph 2, of the Convention also provides that a term not otherwise defined is to "have the meaning which it has under the taxation laws of that State."  Id.  This provision would appear to require use of the U.S. source of income rules, at least where a treaty or convention fails to adequately define the source of the income, as is the case here.  Filler v. Commissioner, 74 T.C. at 413.  Thus, it seems clear that in Article 24 of the Convention, the United States consented only to

provide a foreign tax credit on income attributable to sources in France, as determined under the source of income rules of the Internal Revenue Code, and not to U.S. source income.  See Filler v. Commissioner, supra at 413.  At the same time, France consented to provide a tax credit against French taxes for U.S. income taxes on U.S. source income.  See id.

Because we have already held that petitioner is entitled to exclude such part of her income that is attributable to sources in France, she is not entitled to a credit for U.S. tax payable on such foreign source income.  The remaining portion of petitioner's income, as discussed supra, is U.S. source income and is therefore not eligible for a credit for foreign tax paid.  Accordingly, petitioner is not entitled to a foreign tax credit under section 901.

Finally, it would appear that under the Convention relief from double taxation is available here only as a credit against the French tax.  We are aware that petitioner has already sought such relief and that it was denied by the French authorities in reliance on Article 15, paragraph 3, of the United States-France Convention.  But we think that they erred in this respect, as more fully explained above.  Petitioner may be able to seek reconsideration by the French authorities in the application of their own law.  See Filler v. Commissioner, supra at 413.  And as a last resort, petitioner may be able to present her case to the

French competent authority in accordance with the United States-France Convention, Article 26, Mutual Agreement Procedure, of which paragraph 1 provides

> Where a person considers that the actions of one or both of the Contracting States result or will result in taxation not in accordance with the provisions of this Convention, he may, irrespective of the remedies provided by the domestic law of those States, present his case to the competent authority of the Contracting State of which he is a resident or national. The case must be presented within three years of the notification of the action resulting in taxation not in accordance with the provisions of this Convention.

See also Filler v. Commissioner, supra at 413.

D. Accuracy-Related Penalty Under Section 6662

Section 6662(a) and (b)(1) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The Commissioner bears the burden of production with respect to the accuracy-related penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

We hold that respondent has not met his burden of production. Accordingly, petitioner is not liable for the accuracy-related penalty under section 6662(a).

Conclusion

We have considered all of the arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.